No. 29,564.

L. R. FLINT et al., *Appellees,* v. GEORGE M. GRIMES and THE AMERICAN SURETY COMPANY OF NEW YORK, *Appellants.*

(293 Pac. 953.)

Opinion filed December 6, 1930.

*H. R. Daigh* and *J. B. Hayes,* both of Ashland, for the appellants.
*Carl Van Riper,* of Dodge City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action is one in conversion against George M.

Grimes as sheriff and against the sureties on his bond to recover the value of an automobile taken by the defendant George M. Grimes as sheriff of Clark county under section 8-116 of the Revised Statutes of 1923. Judgment was rendered in favor of the plaintiffs, and the defendants appeal.

There was evidence which tended to prove that in 1926 the plaintiffs L. R. Flint, W. G. Flint and F. H. Murdock were engaged in the purchase and sale of automobiles at Englewood in Clark county; that they purchased a Ford automobile from one Emory Clay, a ranchman, without taking a bill of sale from him; that at the time the plaintiffs purchased the automobile the engine numbers on it had been changed; that the plaintiffs did not know that the numbers had been changed; that after purchasing the automobile they sold it to a Mr. Braley, who took the car to Buffalo, Okla.; that after the automobile had been taken to Oklahoma, George M. Grimes, the sheriff of Clark county, notified the plaintiffs of the fact that the engine numbers of the automobile had been changed; that the plaintiffs repurchased the automobile from Mr. Braley and brought it back to Englewood; that afterward the sheriff took possession of it; that he attempted to procure a warrant for the arrest of the plaintiffs for having in their possession an automobile with changed numbers, but was unable to do so; that the plaintiffs were never arrested for that offense; that Grimes as sheriff kept the automobile; that he obtained possession of it in April, 1926, and retained that possession until he went out of office in 1929, when he turned it over to his successor; that before he turned the automobile over to his successor he had placed on it a special motor number which he had obtained from the secretary of state; that the plaintiffs never applied for nor obtained permission from the office of the secretary of state to put new engine numbers on the automobile; that the plaintiffs, neither when they purchased the automobile nor when they sold it, notified the sheriff nor any police officer of any city of the purchase or sale of the automobile; and that the plaintiffs repeatedly demanded of the sheriff that he return the automobile to them.

The defendant contends that the plaintiffs cannot recover because they were guilty of a violation of law in having possession of an automobile on which the engine number had been changed. The proper determination of the question presented depends on the construction of pertinent sections of the statute then in force.

Section 8-116 of the Revised Statutes in part reads:

"Any person who after the taking effect of this act shall . . . own or have the custody or possession of a motor vehicle the original engine number of which has been destroyed, removed, altered, or defaced . . . shall be punished by a fine of not less than two hundred dollars nor more than five hundred dollars, or by imprisonment in the county jail for a term of not less than thirty days nor more than ninety days, or by both fine and imprisonment . . . . It shall be the duty of every sheriff, deputy sheriff, constable, deputy constable, chief of police, or other peace officer in this state having knowledge of a motor vehicle the engine number of which has been destroyed, removed, altered, and defaced, to immediately seize and take possession of such motor vehicle, arrest the owner or custodian thereof, and cause prosecution to be brought in a court of competent jurisdiction. It shall be the duty of the court to retain the custody of such motor vehicle pending the prosecution of the person arrested, and in case such person shall be found guilty said motor vehicle shall remain in the custody of the court until the fine and costs of prosecution shall be paid. In case such fine and costs shall not be paid within thirty days after the rendition of the judgment, said court shall proceed to advertise and sell said motor vehicle in the manner provided by law for the sale of personal property under execution. The proceeds of such sale shall be applied on the payment of the fine and costs of such prosecution and sale, and if after the payment of the same there shall be any sum remaining, such sum shall be paid by the court to the legal owner or custodian of such motor vehicle: *Provided, further,* That if any person being the owner or in possession of any such vehicle, the original engine number of which has been destroyed, removed, altered, or defaced, at the time of the taking effect of this act, shall apply to the secretary of state, as hereinbefore provided, for permission to stamp or cause to be stamped on such engine the original or special number, such persons shall not be subject to the prosecution under the provisions thereof."

Section 8-117, in effect when the plaintiff purchased the automobile but since repealed, in part, reads:

"It shall be unlawful for any person to purchase or receive in exchange or barter any motor vehicle from any person except dealers regularly engaged in the sale of such vehicles and having an established place of business, unless the person offering such vehicle for sale or barter is identified by two persons, each one of whom shall be personally known to such purchaser, and such purchaser shall require and obtain from such vendor, except dealers as herein provided, a bill of sale in writing. . . ."

A violation of this section is also made an offense against the laws of this state.

Section 8-118 reads:

"Any person purchasing or receiving in exchange or barter a secondhand motor vehicle from any person other than a regular dealer engaged in the sale of such vehicles and having an established place of business, shall without delay notify the sheriff and the chief of police, marshal or other police officer

of the nearest city, of the purchase of such vehicle, giving the name of the vendor and purchaser, and a description of such vehicle, including make, style and year of model, the engine number, and the number of the license and tag of the vehicle so purchased."

The law under which the sheriff took possession of the automobile commands him to institute criminal proceedings, which the statute contemplates should be terminated in a reasonable time. In the present case time has elapsed so that the statute of limitations would now be a bar to a criminal prosecution of these plaintiffs. The statute also directs that the proceeds arising from the sale of an automobile which has been sold in accordance with its provisions shall be applied to the payment of the fine and costs of the prosecution and sale, and if anything shall remain it shall be paid by the court to the legal owner or custodian of the automobile. A sheriff does not acquire any property rights in an automobile of which he takes possession under the law. Who was the custodian of the automobile in controversy when the sheriff seized it? The plaintiffs were in possession of it. The sheriff was unable to locate the original owner of the car, and no one other than the plaintiffs appeared to claim possession of it. The plaintiffs had obtained possession by purchase, without knowledge that the engine numbers had been changed, and had a superior right over all others except the legal and rightful owner thereof. The fact that the engine numbers had been changed, the fact that the plaintiffs did not comply with the statutes when they purchased the automobile and the fact that they did not apply to the secretary of state for new numbers to be placed on the car did not give to the sheriff the right to hold its possession for an indefinite length of time without complying with the duty imposed on him. Mindful of what has been said in automobile insurance cases where statutory requirements on the purchase of an automobile had not been complied with, the court concludes that, under the circumstances disclosed by the record in this case, the plaintiffs had the right to recover from the sheriff and his bondsmen the value of the automobile.

The judgment is affirmed.

BURCH, J. (dissenting): I think the decision in this case is wrong, for these reasons: Under the statute as it stood when the sheriff took possession of the automobile, plaintiffs could not acquire any

interest in it which the law would protect. They could not acquire even lawful custody. No matter how far the sheriff departed from the course prescribed for him, he did not invade any legally protected interest of plaintiffs. They had no interest which his wrongful conduct could affect; and the repeal of the statute created no new interest in plaintiffs.

MARSHALL, J., concurs in the dissent of Mr. Justice BURCH.